Rockingham,  }
Feb. 5, 1924. }

## LAVADA J. DAVIS v. ALBERT J. AVERY & a.

A forcible comment upon or characterization of counsel's argument from the viewpoint of his opponent is no ground for setting aside a verdict.

ASSUMPSIT. The defendant Avery's bill of exceptions to statements of counsel for the plaintiff in closing argument was allowed by *Kivel*, C. J. The facts appear in the opinion.

*Sleeper & Brown (Mr. Sleeper* orally), for the plaintiff.

*Scammon & Gardner,* for the defendant Avery.

SNOW, J. This action is brought to recover upon a partnership note given by the defendants to the plaintiff for borrowed money. The partnership was dissolved by the retirement of Avery. Upon dissolution, defendant Davis agreed with Avery to assume the claims outstanding against the partnership, and thereupon continued the business. Defendant Davis was the son of the plaintiff. The action was defended by Avery alone upon the sole ground that the plaintiff had agreed to release him from the payment of the note. The only evidence submitted in support of such an agreement was the fact that, subsequent to the dissolution, the plaintiff, with knowledge that his son was continuing the business alone, had in two instances signed with him renewal notes to take up and cancel maturing firm obligations, one of which was at a Haverhill bank. Counsel for

defendant argued that therefore it was unreasonable to suppose that the plaintiff expected that defendant Avery was ever going to pay him anything more upon the note in suit. In reply to this argument the plaintiff's counsel used the language excepted to, viz.: "Oh, but they say because the old gentleman [plaintiff] was easy enough to go and sign the renewals down to Haverhill and got stuck on those, that you gentlemen, as fair minded men, ought to stick him on this."

When the plaintiff signed the renewal notes the partnership liabilities amounted to $12,000. The assets shortly afterwards sold at a receiver's sale for $3,000. The plaintiff's evidence tended to show that, with no purpose except to accommodate the son, he had to his detriment submissively yielded to the latter's request to renew the notes at the Haverhill bank, thereby releasing the defendant Avery thereon. This act was being urged as evidence of an agreement by the plaintiff to accept the son as paymaster and to release Avery on the note in suit. By the language excepted to, counsel for plaintiff was attempting to show the fallacy of the defendant's argument by stating defendant's position under plaintiff's interpretation of the evidence. It was at most a forcible characterization of defendant's argument from plaintiff's viewpoint, and presents no ground for setting aside the verdict.

*Exception overruled.*

All concurred.